IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHASE NEILL,

        **Plaintiff,**

        **v.**                              **CASE NO. 26-3136-DDC**

UNITED STATES OF AMERICA,
et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case.  Plaintiff is in custody at the Osage County Jail in Lyndon, Kansas ("OCJ").  He asserts that the bases for jurisdiction in this case include 28 U.S.C. § 1331, *Bivens*, 42 U.S.C. § 1983, Article 3, 42 U.S.C. § 2000bb-1(c), the First Amendment, the Prohibitive Powers Clause, 42 U.S.C. § 1983, 28 U.S.C. § 1343(c), and 28 U.S.C. § 1651.  (Doc. 1, at 3.)  Plaintiff has filed a motion for leave to proceed in forma pauperis.  (Doc. 3.)

## I. Nature of the Matter before the Court

Plaintiff alleges in Claim One that Defendants 1–4 (the United States, two federal judges, and a federal prosecutor) are unlawfully detaining him and that they have implied he is mentally unstable because of his sincerely-held religious beliefs.  (Doc. 1, at 5.)  Plaintiff believes he is a true prophet and "Watchman of God" and that he has a duty to communicate God's warnings.[1]  *Id.* at 5, 6.  Plaintiff claims a violation of his First Amendment right to freely practice his religion. He claims that his criminal proceedings curtail and deny him the right to obey God and "speak His wrath/judgements when commanded."  *Id.* at 9.  Plaintiff claims that denying him his right to speak God's words causes him to suffer spiritual and physical injuries.  *Id.*  Plaintiff seeks to enjoin his

---

[1] In his motion seeking a TRO/PI, Plaintiff asserts that he "is, factually, 'God's Firstborn,' 'God's Watchman,' and a 'true prophet,' a 'messenger of God.'" (Doc. 4, at 2.)

criminal proceedings where, he claims, the prosecutor has charged him for communicating threatening rhetoric "when he properly identifies the speech as God's, that he speaks on behalf of God, and he sincerely believes God will carry out the threats." *Id*. at 5.

Plaintiff alleges as his second claim ("Claim Two") that Defendant 5 ("Osage County Sheriff's Office Medical Provider") has violated his Eighth Amendment rights by failing to refill his Suboxone prescription for treatment of opioid use disorder ("OUD") while housed at the OCJ. *Id*. at 11. Plaintiff alleges that his prescription only lasted for a few days after his December 2, 2025 arrest. *Id*. at 11. Plaintiff claims that this "[f]ailure to continue the prescription often results in the patient's OUD—once in remission—coming back to life & resuming drug use that can lead to death." *Id*. Plaintiff also claims he has suffered from "extreme symptoms of withdrawal, including high blood pressure, headaches, nausea, diarrhea, stomach cramps, and puking, and lethargy." *Id*. Plaintiff claims that he returned to prison around February 13, 2026, and "[h]is drug use problem returned." *Id*. at 12. Plaintiff returned to the OCJ on April 27, 2026,[2] and began suffering withdrawal. *Id*. Plaintiff claims that Defendant 5 did not treat him for his OUD, but gave him Hydroxyzine to alleviate his withdrawal symptoms. *Id*. Plaintiff claims that "Defendant 5 consists of trained nurses and a doctor." *Id*. Plaintiff seeks to continue the prescription he had on December 2, 2025, "but at a lower initial dose." *Id*. Plaintiff claims that staff at the OCJ conceded on May 6, 2026, that they would provide Plaintiff with Suboxone if it is ordered by an outside provider. *Id*. Plaintiff claims that between May 1 and May 7, "Osage County" promised that it would allow Plaintiff to call his doctor, but he was not allowed to call thereby delaying his medical care. *Id*. Plaintiff seeks to compel Defendant 5 to provide him with Suboxone as prescribed at arrest. *Id*. at 14.

---

[2] Although Plaintiff refers to April 27, 2025, it appears from the context that he returned to the OCJ in 2026.

Plaintiff names as defendants:  the United States of America; Assistant U.S. Attorney Stephen Hunting; U.S. Magistrate Judge Jill Morrison; U.S. District Judge Holly Teeter; and Osage County Sheriff's Office Medical Provider.  Plaintiff seeks injunctive relief, declaratory relief, compensatory damages, and punitive damages.  *Id*. at 14.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or suitable portions of the complaint if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106,

3

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Instead, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

Our Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but refers rather "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

4

Ct. at 1974).

## III.  Discussion

### A.  Unrelated Claims

Plaintiff's Complaint includes unrelated claims.  He brings Claim One against the federal defendants based on his federal criminal proceedings, and brings Claim Two under 42 U.S.C. § 1983 against unnamed medical staff at the OCJ regarding his medical care.

Rule 20 governs permissive joinder of parties.  It provides, as pertinent here:

(2) *Defendants*.  Persons . . . may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules governing joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  *Id.*  It

also prevents prisoners from "dodging" their fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

The Federal Rules of Civil Procedure authorize a court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).  This rule gives "district courts discretion to sever any claim against a party and proceed with the claim or claims separately." *Huffman v. Forest River, Inc.*, 2024 WL 4188442, at *7 (D. Kan. 2024) (citation omitted).  "When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic." *Id.* (citation omitted). These factors favor severance here.

Plaintiff brings Claim One against federal defendants seeking to enjoin federal criminal proceedings pending against him.  This Court would be required to abstain from hearing this claim because his federal criminal proceedings are ongoing. *See United States v. Neill*, Case No. 22-CR-40037 (D. Kan.).  The *Younger* doctrine requires this Court to abstain when ongoing state court criminal proceedings remain pending. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). "While *Younger* applies explicitly to pending state court claims, 'federal courts have applied the abstention doctrine . . . when asked to enjoin or dismiss enforcement of federal criminal proceedings.'" *Roberts v. Wiles*, 2024 WL 4298762, at n.1 (D. Kan. 2024) (quoting *Purvis-Mitchell v. Bacon*, 2020 WL 6043937, at *1 (N.D.N.Y. 2020) (citations omitted); *see also Giles v.*

*Garland*, 2024 WL 2138624, at *2 (E.D. Mich. 2024) (finding that "a similar rule of abstention applies when federal pretrial detainees challenge ongoing federal criminal proceedings through civil actions"); *Peters v. United States*, 2024 WL 2274079, at *6 (D. Colo. 2024) (stating that "courts routinely have applied *Younger* to federal criminal investigations and prosecutions pursuant to separation of powers principles") (quotation cleaned up)); *see also Johnson v. Bass*, 2023 WL 8040780, at *3 (E.D. Tex. 2023), *adopted by* 2023 WL 8037331 (finding that plaintiff's request for injunctive relief must fail because the claims concern his ongoing federal criminal case); *George v. Colo. Dep't of Corr.*, 2015 WL 2398179, at *2 (D. Colo. 2015) (stating that *Younger* abstention applies to criminal proceedings as well as parole revocation proceedings) (citations omitted).

Although Claim One would require abstention, Claim Two is unrelated to his criminal proceedings.  Plaintiff bases Claim Two on his medical care at the OCJ and he names as a defendant an Osage County Sheriff's Office Medical Provider.  As set forth, above, requiring adherence in prisoner suits to the federal rules governing joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]" and also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act.  *George*, 507 F.3d at 607 (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

The Court thus will sever Claim Two and direct the Clerk to initiate a new case number for this claim.  Claim One will remain a part of this case, No. 26-3136-DDC.

### B.  Three Strikes

Plaintiff has filed a motion for leave to proceed in forma pauperis.  (Doc. 3.)  The Court finds that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[3]  Accordingly, he may proceed in forma pauperis only if he can establish a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his motion for leave to proceed in forma pauperis, Plaintiff claims that he has "tolled" his three-strikes limitation due to the imminent danger alleged in his Complaint and in his motion seeking injunctive relief.  (Doc. 3, at 3.)  In his Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") (Doc. 4), Plaintiff seeks to:  1) enjoin his criminal proceedings "insofar as that case prosecutes him, in any way, for communicating threatening rhetoric when he properly identifies the speech as God's, that he speaks on behalf of God, and he sincerely believes God will carry out the threats"; 2) enjoin the admission of any competency evaluation or the use of competency statutes, to the extent they identify his religious beliefs as factually false or render him mentally ill; and 3) compel Defendant 5 to provide Plaintiff with the Suboxone he was receiving at the time of his arrest, but "only if" his criminal proceedings are not immediately enjoined.  (Doc. 4, at 9.)  The Court has severed Plaintiff's claim based on his medication.  It no longer is part of this case.

---

[3] Prior to filing the Complaint at issue here, the Court finds at least three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g).  *See Neill v. Hunting*, Case No. 23-3131-JAR, Doc. 6 (D. Kan. June 12, 2023) (dismissing for failure to state a claim); *Neill v. Teeter*, Case No. 23-3143-JAR, Doc. 6 (D. Kan. June 21, 2023) (dismissing for failure to state a claim); *Neill v. Maag*, Case No. 23-3126-JAR, Doc. 13 (D. Kan. June 30, 2023) (dismissing for failure to state a claim); and *Neill v. Godinez*, Case No. 23-3149-JAR, Doc. 12 (dismissing for failure to state a claim) (D. Kan. Aug. 17, 2023).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must present as imminent or occurring at the time the complaint is filed; "allegations of past harm do not suffice." *Id*. (citations omitted). Also, the "imminent danger" exception has a temporal limitation—"[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime." *Id*. (citation omitted).

Plaintiff's claim that his inability to practice his religion will result in physical injuries is wholly conclusory and speculative. *See Neill v. Rardin*, 2025 WL 1360679, at *2 (D. Minn. May 9, 2025), *aff'd* 2025 WL 3900531 (8th Cir. July 2, 2025) (finding that Neill failed to satisfy the "imminent-danger-of-serious-physical-injury" exception to § 1915(g) where his "assertion that his health has been negatively impacted by FMC-Rochester officials' refusal to allow him to practice his religion in accordance with his 'sincerely held beliefs' is wholly conclusory").

The Court has examined the Complaint and other filings in this action and finds no showing of imminent danger of serious physical injury from Plaintiff's claim based on his ongoing criminal proceedings. So, consistent with § 1915(g), Plaintiff may not proceed in forma pauperis in this

civil action. The Court will give Plaintiff time to pay the full $405 district court filing fee.[4] If he fails to pay the full fee within the prescribed time, the Court will dismiss the case based on Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

### C. Motions Seeking Injunctive Relief

Plaintiff also has filed motions seeking injunctive relief. *See* Doc. 4 (Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI")); Doc. 12 (Motion for Emergency Preliminary Injunctive Relief & Hearing to Enjoin Unlawful Competency Order); and Doc. 14 (Combined Motion to (a) Provide Copies of Filing(s); (b) Unconventionally File Enclosed 22CR40037 Motion as Evidence; (c) Order Transcript from 22CR40037 be Sent).

As already set forth, even if Plaintiff submits the filing fee in this case, *Younger* would require the Court to abstain. In *Peters v. United States*, the plaintiff also filed a motion for injunctive relief and a motion to expedite the proceedings on her motion. *See 2*023 WL 8810999 (D. Colo. 2023). The court found that it "must first determine whether it is required to abstain from exercising its jurisdiction pursuant to *Younger*; were the court to find that abstention is mandatory, '[t]he question of whether to preliminary [sic] enjoin [the] ongoing state court proceeding [would be] precluded.'" *Id*. at *2 (citations omitted). "Accordingly, this Court may properly address the *Younger* abstention doctrine before initiating proceedings on the merits, as the resolution of the *Younger* issue may moot Plaintiff's claim for injunctive relief." *Id*. (citing *Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997) (holding that the district court "correctly refrained from conducting a hearing on the plaintiff's motion for a preliminary injunction" after dismissing the plaintiffs' suit on abstention grounds); *see also Baca v. Berry*, 806 F.3d 1262, 1269,

---

[4] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

1270 (10th Cir. 2015) (recognizing that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket" and may "stay proceedings pending before it . . . for the purpose of economy of time and effort for itself, for counsel, and for litigants" (quotation omitted))).

In a subsequent determination, *Peters* noted that because a significant question was raised whether the court should abstain from reaching the merits of the claim under *Younger*, "and thus, any request for preliminary injunction," the court denied the plaintiff's request to expedite the preliminary injunction proceedings and ordered plaintiff to respond to the motion to stay. *See Peters v. United States*, 2024 WL 83333, at *3 (D. Colo. 2024), *aff'd* 2024 WL 3086003 (10th Cir. 2024), *application for writ of injunction denied*, 2024 WL 3511647 (2024).

In sum, the Court will not address Plaintiff's motions seeking injunctive relief or take any further action in this case unless Plaintiff pays the filing fee and a determination is made that *Younger* abstention does not apply.  Plaintiff must refrain from filing any additional motions until he has paid the fee and the issue of *Younger* abstention is resolved.  A conclusion that *Younger* abstention applies ends the matter.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 17, 2026,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS FURTHER ORDERED** that Claim One shall remain in this case.

11

**IT IS FURTHER ORDERED** that Claim Two is severed from this case and the Clerk is directed to initiate a new action for Claim Two against the Osage County Sheriff's Office Medical Provider.  The Clerk should replicate all the filings in this case in the new case.

**IT IS SO ORDERED**.

Dated June 17, 2026, in Kansas City, Kansas.

<u>s/ Daniel D. Crabtree</u>
**DANIEL D. CRABTREE**
**UNITED STATES DISTRICT JUDGE**

12