**Ok IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHASE NEILL,**

**Plaintiff,**

**v.** **CASE NO. 26-3136-DDC**

**UNITED STATES OF AMERICA,**
**et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case. Plaintiff is in custody at the Osage County Jail in Lyndon, Kansas. On June 17, 2026, the Court entered a Memorandum and Order (Doc. 16) finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), denying his motion for leave to proceed informal pauperis, and granting Plaintiff until July 17, 2026, to submit the $405.00 filing fee. The Court examined the Complaint and other filings in this action and found no showing of imminent danger of serious physical injury from Plaintiff's claim based on his ongoing criminal proceedings. (Doc. 16, at 8–9.) On July 6, 2026, Plaintiff filed a Notice of Appeal (Doc. 18) ("Interlocutory Appeal")[1] regarding the June 17, 2026 Memorandum and Order.

Plaintiff failed to pay the filing fee by this Court's deadline, and on July 29, 2026, the Court entered a Memorandum and Order and Judgment (Docs. 24, 25) dismissing this action without prejudice under Fed. R. Civ. P. 41(b). On August 10, 2026, Plaintiff filed a Motion for Relief from

[1] Plaintiff refers to his initial appeal as an interlocutory appeal. *See* Doc. 27, at 1. Plaintiff's Interlocutory Appeal is docketed in the Tenth Circuit as Case No. 26-3147. On August 10, 2026, the Circuit entered an order in that case finding that Plaintiff had failed to show that he should not be required to pay the full appellate filing fee under the three-strikes provision in 28 U.S.C. § 1915(g), and granted him until August 31, 2026, to pay the full filing fee to avoid dismissal of the appeal.

Judgment of Dismissal (Doc. 27). On August 17, 2026, Plaintiff filed an Objection to and Notice of Appeal (Doc. 29), regarding the dismissal order and judgment. This appeal is docketed in the Circuit as Case No. 26-3176. On August 17, 2026, the Tenth Circuit entered an Order (Doc. 32) in that case abating the appeal pending this Court's disposition of Plaintiff's motion and objection at Docs. 27 and 29.

Plaintiff states that his Motion for Relief from Judgment is brought under Fed. R. Civ. P. 60(b)(4) and (6). (Doc. 27, at 1.) Because Plaintiff's motion was filed within 28 days after entry of the judgment, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id.* at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that courts should use sparingly. *See Allender v. Raytheon Aircraft Co.*, 439

F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff argues, both in his motion and objection, that the Court should set aside its judgment because the issue is currently pending on appeal based on his Interlocutory Appeal filed on July 6, 2026. (Doc. 27, at 1.) Plaintiff's objection—filed with his second notice of appeal—incorporates his motion to alter or amend judgment, and argues again that his Interlocutory Appeal deprived this Court of jurisdiction to dismiss this case. (Doc. 29, at 1.) He argues that the dismissal was an abuse of discretion. *Id*.

Plaintiff filed the Interlocutory Appeal after the Court denied his motion for leave to proceed in forma pauperis, but before the Court dismissed this case. The Tenth Circuit has held that:

> Courts of appeals have jurisdiction to review final decisions of the district courts. *See* 28 U.S.C. § 1291. Although the denial of a motion to proceed IFP is not a final order, it is immediately appealable under the *Cohen* doctrine. *See Roberts v. United States Dist. Court*, 339 U.S. 844, 845, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (per curiam) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310-11 (10th Cir. 2005). "If a truly indigent claimant is not granted IFP status, she is barred from proceeding at all in the district court." *Lister*, 408 F.3d at 1311. In this way, the denial of IFP "constitute[s] a complete, formal, and in the trial court, final rejection of a claimed right where denial of immediate review would render impossible any review whatsoever." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (citation and internal quotation marks omitted).
>
> We have recognized, however, that where the denial of IFP does not bar a claimant from proceeding in the district court, the order does not fall under the *Cohen* doctrine. *See Burnett v. Miller*, 507 Fed.Appx. 796, 798 (10th Cir. 2013) (unpublished).[] In *Burnett*, the district court denied IFP because the inmate had accrued three strikes under 28 U.S.C. § 1915(g). *See* 507 Fed.Appx. at 797. The inmate appealed the denial of IFP, but paid the district court filing

> fee before that court dismissed his case. *Id.* at 798. We dismissed the appeal because the order denying IFP did not "bar[ ] [the inmate] from proceeding at all in the district court." *Id.*
>
> Mr. Yellowbear is in a similar situation here. Although he has not paid the district court filing fee, the court has not dismissed his case and it remains pending. Moreover, regardless of whether the oil and gas distributions are exempt or whether the district court should have looked beyond the preceding six months prescribed by § 1915(a)(2) (both of which are merits issues that we do not consider), Mr. Yellowbear does not deny that he received the funds and does not contend that he cannot pay the necessary fees. Therefore, he is not "barred from proceeding at all in district court." *Lister*, 408 F.3d at 1311. Presumably, if and when the district court dismisses the suit for failure to pay the filing fee—or even if Mr. Yellowbear cannot pay the fee and as a result the court dismisses the action—he will then be able to take an appeal to this court from the dismissal order. But we need not speculate on those possibilities because at present the case continues in the district court and Mr. Yellowbear has not been precluded from obtaining any review whatsoever. *See Arney v. Finney*, 967 F.2d 418, 422 (10th Cir. 1992) ("[U]nder the *Cohen* doctrine, where the denial of immediate review does not render impossible any review whatsoever, i.e., where rights will not be irretrievably lost in the absence of an immediate appeal, collateral review is not available." (internal quotation marks omitted)).

*Yellowbear v. Norris*, 693 F. App'x 737, 739–40 (10th Cir. 2017) (unpublished) (internal footnote omitted).

This case remained pending when Plaintiff filed his Interlocutory Appeal on July 6, 2026. On July 29, 2026, the Court entered a Memorandum and Order and Judgment dismissing this case without prejudice. (Docs. 24, 25.) Plaintiff filed a Motion for Relief from Judgment (Doc. 27), and an "Objection and Notice of Appeal" (Doc. 28). The Tenth Circuit entered an Order (Doc. 32) abating the appeal pending this Court's ruling on Docs. 27 and 29. As in *Yellowbear*, this case continued after entry of the Court's June 17, 2026 Memorandum and Order, and Plaintiff was not precluded from obtaining any review whatsoever. In fact, his current appeal, as well as his motion and objection currently before this Court, provide him with avenues for review.

In his motion for relief from judgment, Plaintiff claims that he has shown that he meets the imminent danger exception to the three-strikes provision by "proving to have suffered injuries whose causation, being the result of the Defendants' illegal acts, is recognized both by the Plaintiff's sincerely-held religious doctrine and clearly-established law." (Doc. 27, at 1.) He claims that his inability to believe in God and obey God's commands has "resulted in serious & significant physical and spiritual harms." *Id*. Plaintiff claims that limits that prevent him from speaking God's commands caused his spine to straighten, caused injury to his soul, and caused him to develop bone marrow cancer. *Id*. at 3–4.

The Court rejected this same argument in its June 17, 2026 Memorandum and Order. The Court found that "Plaintiff's claim that his inability to practice his religion will result in physical injuries is wholly conclusory and speculative." (Doc. 16, at 9.) The Court relied on one of Neill's prior cases where the court addressed the same issue. *See Neill v. Rardin*, 2025 WL 1360679, at *2 (D. Minn. May 9, 2025), *aff'd* 2025 WL 3900531 (8th Cir. July 2, 2025) (finding that Neill had failed to satisfy the "imminent-danger-of-serious-physical-injury" exception to § 1915(g) where his "assertion that his health has been negatively impacted by FMC-Rochester officials' refusal to allow him to practice his religion in accordance with his 'sincerely held beliefs' is wholly conclusory"). Other courts likewise have found that burdens on religious practice do not meet the imminent danger exception. *See, e.g.*, *Pitts v. South Carolina*, 65 F.4th 141, 149 at n.4 (4th Cir. 2023) (noting that "even very significant constitutional violations – including past physical abuse, the denial of religious accommodations, or the deprivation of property – will fall outside [the imminent danger] exception"); *Isby-Israel v. Lemmon*, 674 F. App'x 569, 570 (7th Cir. 2017) (where plaintiff alleged that prison officials failed to serve him a kosher diet, court stated that "his alleged burden on his religious practice could not possibly have put him in 'imminent danger of

serious physical injury'"); *Lynn v. Roberts*, 2011 WL 3667171, at *3 (D. Kan. 2011) (citations omitted) ("Obviously, allegations regarding conditions that involve no danger of physical injury, such as denial of court access or First Amendment claims of interference with mail and telephone privileges or religious rights, are not sufficient to establish the exception."); *Muhammad v. Workman*, 2012 WL 5389738, at *3 (E.D. Okla. 2012) (finding plaintiff's allegations that he was denied the right to practice his religion and to receive religious meals "fail to set forth a credible claim that he is in imminent danger of serious physical injury and that he qualifies for the exception in 28 U.S.C. § 1915(g)").

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id.* Plaintiff's argument revisits an issue that the Court already has addressed and fails to assert an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice.

Plaintiff also argues in his motion for relief from judgment that the Prison Litigation Reform Act ("PLRA") does not apply to him because of his "involuntary commitment," citing the June 24, 2026 order in his federal criminal case. (Doc. 27, at 4.) The June 24, 2026 Order finds that Plaintiff is not competent to proceed in his criminal case, and under 18 U.S.C. § 4241 commits him to the custody of the Attorney General for hospitalization and treatment. *See United States v. Neill*, Case No. 22-CR-40037-BP-JAM , Doc. 316 (D. Kan. June 24, 2026). Section 4241 deals

with determining mental competency to stand trial or undergo postrelease proceedings. 18 U.S.C. § 4241.

A "prisoner" is defined for purposes of § 1915(g) as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff plainly meets this definition. Plaintiff acknowledges that his competency proceedings were ordered in his federal criminal case.

A plaintiff detained for purposes of undergoing a competency evaluation in connection with criminal charges is a "prisoner" for purposes of the PLRA. *See Banks v. Robert*, 2017 WL 1902707, at *2 (E.D. Wis. 2017) (denying Rule 60 motion and finding that plaintiff who was subject to court-ordered competency proceedings under 18 U.S.C. § 4241 "remained confined pending trial on his *criminal* charges" and "was a prisoner as defined by the PLRA") (citing *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (person held on unresolved criminal charges whose criminal proceedings are held in abeyance during treatment for mental illness is a prisoner under PLRA)).

A plaintiff detained for competency proceedings is detained in a facility after he is "accused of . . . violations of criminal law." *See* 42 U.S.C. § 1997e(h); *see also Gilmore v. Easter*, 2022 WL 3880714, at *7 (D. Kan. 2022) (finding plaintiff subject to competency proceedings under K.S.A. § 22-2302 remains subject to §§ 1915 and 1915A); *see also Wolfson v. United States*, 336 F. App'x 792, 795 and n.1 (10th Cir. 2009) (unpublished) ("A person civilly committed pursuant to [18 U.S.C.] § 4244(d) therefore qualifies as a 'prisoner' for purposes of the PLRA."). Plaintiff's argument that he is not subject to the PLRA is without merit.

Plaintiff also argues in his objection that the undersigned has demonstrated bias and prejudice by disregarding his religious beliefs and failing to find that *Younger* abstention would not apply due to irreparable harm. (Doc. 29, at 2.) Plaintiff argues that the prejudice of the undersigned judge "and his District" is "extrajudicial" because it comes from "their own religious backgrounds or institutions." *Id*. Although the Court advised Plaintiff that even if he paid the filing fee *Younger* would require the Court to abstain, the Court did not reach the merits of this case because it was dismissed without prejudice for failure to pay the filing fee. *See* Doc. 16, at 11 (finding that "the Court will not address Plaintiff's motions seeking injunctive relief or take any further action in this case unless Plaintiff pays the filing fee and a determination is made that *Younger* abstention does not apply").

Plaintiff has not filed a motion seeking recusal. *See* Fed. R. Civ. P. 7(b)(1) (a request for a court order must be made by written motion); D. Kan. Rule 7.1(a) ("All motions, unless made during a hearing or at trial, must be filed in writing with the clerk."). He has also failed to show that recusal is warranted.

Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). The Court will accept these facts as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and properly identifying events indicating a personal and extrajudicial bias, Plaintiff fails to support a request for recusal under 28 U.S.C. § 144. Plaintiff merely concludes that the

undersigned "and his District" have an extrajudicial bias. Plaintiff has failed to allege an extrajudicial source, and his allegations of bias or prejudice appear to arise from his perception of unfavorable rulings.

Under 28 U.S.C. § 455(a) and (b)(1), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is objective, not subjective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The Court need not take any factual allegations as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960.

Plaintiff has directed the Court to nothing other than this Court's ruling finding that he did not qualify for the imminent danger exception. That is the same conclusion reached in his prior case in the District of Minnesota. The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on

the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

The Court finds that no reasonable person would believe that the undersigned judge's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all the relevant facts, no reasonable person could harbor doubts about the undersigned judge's impartiality. Plaintiff's unsubstantiated claims of bias do not warrant relief from the Court's judgment.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff fails to assert an intervening change in the controlling law, the availability of new evidence that he could not have obtained earlier by exercising due diligence, or the need to correct clear error or prevent manifest injustice. In sum, Plaintiff has failed to meet the standard for this Court to alter or amend its July 29, 2026 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Relief from Judgment of Dismissal (Doc. 27) and Objection (Doc. 29) are **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to supplement the preliminary record on appeal with a copy of this Memorandum and Order pursuant to 10th Cir. R. 3.2(B).

**IT IS SO ORDERED**.

**Dated this 21st day of August, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**